NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1887.

MATTER OF ODELL.

*In the matter of the estate of* LAWRENCE ODELL, *deceased.*

A witness cannot be punished for a contempt, for refusing to answer a question immaterial and irrelevant to the issue upon the trial whereof he is examined.

MOTION to punish witness for contempt for refusing to answer question on hearing before referee.

BILLINGS & CARDOZO, *for the motion.*

JACOB FROMME, *for executrix.*

THE SURROGATE.—The referee, before whom are now pending the issues of an accounting proceeding in this estate, lately granted an order to show cause, returnable before the Surrogate, why a witness should not be punished for contempt for refusing to answer

a question propounded to her by counsel for the contestant at one of the recent hearings before such referee.   Certain preliminary objections are made, on behalf of the witness, to the manner in which the question of her alleged contumacy is now brought before the court.   It seems unnecessary, however, to pass upon these objections, in view of the conclusions I have reached upon the merits.

The question, which the witness refused to answer, was the following : " Please look at the paper which I now show you, the first entries of which are under date February 14th, 1882, and say whether it is a copy of your account with the Pacific Bank in this city." To this question counsel for the executrix objected, whereupon counsel for the contestant stated, as appears by the stenographer's minutes, that he wished an answer to the question " for the purpose of laying a foundation for attempting to prove that a portion of the rents of Lawrence Odell's " (i. e., the decedent's) " property went into the private account of Mary J. Odell "—meaning Mary J. Odell, the witness, who is also the executrix of the estate.

It appears that the decedent died in March, 1886. Whether, during the four years next preceding his death, the executrix had or had not collected moneys belonging to him is not material to any issue properly raised by the account and the objections thereto.

This motion must, therefore, be denied.